**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **BILLY RAY TATUM** | : | **DOCKET NO. 2:05-cv-1196** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WARDEN, F.C.I. OAKDALE** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Billy Ray Tatum, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges the computation of his sentence. Specifically, he claims that his federal sentence has not been credited with 8 months and 8 days which he served in state custody despite an order of the federal sentencing judge that he be initially committed to a Louisiana Department of Corrections' facility so that his federal sentence could run concurrently with his state court sentence. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On April 17, 1991, petitioner was arrested by police officers in Shreveport, Louisiana. At the time of this arrest, petitioner was on parole from a prior State of Louisiana sentence. On August 19, 1991, petitioner was found guilty of possession of a schedule II controlled dangerous substance and sentenced to a term of 2 years and 6 months by the State of Louisiana. This sentence was ordered to run consecutively to petitioner's parole violator sentence which was computed by the State of

Louisiana to have begun on April 17, 1991.

As a result of petitioner's arrest on April 17, 1991, federal charges were also brought against petitioner. *See USA v. Tatum*, 5:91-cr-50073. While still serving his state sentence, petitioner was produced in the United States District Court for the Western District of Louisiana pursuant to a writ of *habeas corpus ad prosequendum* to answer those charges. On May 18, 1992, petitioner pled guilty to violating 18 U.S.C. § 924(c) and 21 U.S.C. § 841(a)(1). On August 25, 1992, Judge Stagg sentenced petitioner to 60 months on Count One and to 193 months and 22 days on Count Two. Judge Stagg specified that the sentence imposed for Count One was to run consecutive to the sentence imposed for Count Two. Judge Stagg also recommended that the Bureau of Prisons (BOP) designate the Caddo Detention Center in Keithville, Louisiana as the place for service of petitioner's federal sentence, "thereby making these sentences concurrent, not with each other, but with the [petitioner's] imprisonment pursuant to the judgment in Docket Number 154,635, First Judicial District Court, State of Louisiana, Shreveport, Louisiana." *See* Gov't Exhibit 1 (8/25/1992 Judgement in *USA v. Tatum*, 5:91-cr-50073, p.2).

Petitioner was taken into exclusive federal custody on August 27, 1993 following his parole from the custody of the State of Louisiana. On September 20, 1993, the BOP followed Judge Stagg's recommendation concerning concurrent state and federal sentences and set the commencement date of petitioner's federal sentence as August 25, 1992, the date of his federal sentencing.

Petitioner claims that he is entitled to additional credit on his federal sentence for time spent in state custody from December 17, 1991 (the date that his parole violator sentence ended) to August 25, 1992. He has presented his claim through all levels of the BOP's administrative remedy

procedure. Petitioner now seeks *habeas* relief from this court.

## LAW AND ANALYSIS

It is the function of the United States Attorney General, through the Bureau of Prisons, to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. Credit is given toward a prisoner's term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the Attorney General's determination reviewed by a court after exhausting his administrative remedies. Wilson, 112 S.Ct. at 1355.

A review of the entire record in this case satisfies the court that petitioner's federal sentence has been computed correctly and that he is not entitled to additional credit on this sentence.

Petitioner's argument seems to be that because his federal sentence was ordered to run concurrent to his undischarged state sentence, the federal sentence was retroactively concurrent with the full term of the undischarged state sentence and not just the remainder of the undischarged state sentence. An almost identical argument was rejected by the Fifth Circuit in *Button v. United States*, 85 Fed.Appx. 996, 2004 WL 179376 (5th Cir. 2004). Thus, the concurrent nature of petitioner's federal and state sentences does not entitle him to credit on his federal sentence for time served in state custody prior to the imposition of his federal sentence.

Additionally, the BOP is not required under 18 U.S.C. § 3585(b) to grant petitioner credit for the time spent in custody between December 17, 1991 and August 25, 1992 because that time

---

[1](b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

has already been credited to another sentence, i.e. petitioner's state sentence.

Nevertheless, the record before the court establishes that by application of Section 5G1.3(b) of the Sentencing Guidelines[2] by the sentencing judge, the petitioner's federal sentence does, in fact, reflect a credit for the time period sought by petitioner.

The judgment entered by Judge Stagg indicates that the Sentencing Guideline range for Count Two was 210 to 262 months. In reducing petitioner's sentence for Count Two below the low-end guideline sentence of 210 months to a sentence of 193 months and 22 days, Judge Stagg applied

---

[2]Section 5G1.3(b) of the United States Sentencing Guidelines, in effect at the time of petitioner's federal sentencing on August 25, 1992, stated in pertinent part as follows:

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that constituted part of the same course of conduct as the instant offense and have been fully taken into account in the determination of the offense level for the instant offense, or if the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under s 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.

Further the Application Notes explained in pertinent part as follow:

> 2. Subsection (b) (which applies only if subsection (a) does not apply), applies in two situations. First, it applies if the sentence resulting in the undischarged term of imprisonment was a federal sentence imposed pursuant to the Sentencing Reform Act. In such cases, the court shall fashion a sentence equal to the total punishment that would have been imposed had both sentences been imposed at the same time. Second, it applies if the conduct resulting in the undischarged term of imprisonment was part of the same course of conduct as the instant offense and has been fully taken into account in determining the offense level for the instant offense (e.g., where a defendant is prosecuted in both federal and state court for the same criminal conduct; or where a defendant is prosecuted in federal and state court for different criminal transactions that are part of the same course of conduct, such as two drug sales, but the conduct underlying both transactions is fully taken into account under s 1B1.3 (Relevant Conduct) in determining the offense level for the instant offense).

> 3. When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the instant sentence (e.g., if the appropriate total punishment determined under this subsection for all offenses is 30 months and the defendant has already served 10 months of the prior undischarged term of imprisonment, the court should impose a sentence of 20 months concurrent with the prior undischarged term).

4

§ 5G1.3(b) and adjusted the minimum sentence range to reflect a credit of 16 months and 8 days, the time that petitioner spent in state custody from the date of his arrest on April 17, 1991 to the date of his federal sentencing on August 25, 1992. The adjustment by Judge Stagg at the time of sentencing includes the period of time that petitioner is now seeking to have credited to his federal sentence (December 17, 1991 to August 25, 1992). Because petitioner has already received credit against his federal sentence for this time period, he is not entitled to any additional credit for this same time period.

For these reasons,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of February, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE